Howell, J., recused.

R. Johnson v. J. H. Jennison.

It is a confounding of terms to call a motion to dismiss an answer to the appeal; and to allow it to be so considered would, in that respect, overturn the rules of pleading. The effect of dismissing an appeal will not, in all cases, be the final confirmation of the judgment appealed from, as the appellant may, under certain circumstances, be permitted to take another appeal.

APPEAL from the Sixth District Court of New Orleans. *Duplantier*, J.

Howell, J. A motion is made to dismiss the appeal in this case, on the following grounds, to wit :

1. Because the appeal bond does not exceed, by one-half, the amount for which judgment was rendered.

2. Because the transcript does not contain all the evidence produced on the trial.

The record was filed on May 6th, 1865, and this motion was filed on 26th February, 1866. More than three judicial days had elapsed, and, consequently, the motion based on said grounds is too late.

The counsel for appellee contend, however, that there is no law limiting, in express terms, the right to such motion to three judicial days after the filing of the transcript of appeal ; that it is only *inferred* from Articles 590, 591, 886, 887, 889, 890 and 891 C. P., and that a motion to dismiss is,,

in effect, a prayer for confirmation of the judgment, which, by Article 890, the appellee may file at any time until the day of argument.

It is a confounding of terms to call a motion to dismiss an answer to the appeal; and to allow it to be so considered would, in that respect, overturn the rules of pleading. The effect of dismissing an appeal will not, in all cases, be the final confirmation of the judgment appealed from, as the appellant may, under certain circumstances, be permitted to take another appeal.

We consider the construction of the law upon this point no longer an open question. It has been the uniform interpretation of Article 886, C. P., from the case of *Murray* v. *Bacon*, 7 N. S. 271, decided in 1828, until the present day. There are certain cases for dismissal, which do not come within this rule of law; but those urged in the motion before us are not within the exception. The second ground may be remedied by another mode of proceeding.

Let the motion be overruled, at the costs of the mover.

Hyman, C. J., recused.